# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| ALISHA FEENEY, | § | |
| | § | |
| Movant, | § | |
| | § | Civil No. 4:16-CV-598-O |
| v. | § | (Criminal No. 4:15-CR-151-O (10)) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is Alisha Feeney's motion to vacate, set aside, or correct her federal sentence pursuant to 28 U.S.C. § 2255. ECF Nos. 2 & 3. Because her claims lack merit, as explained below, the Court denies her Section 2255 motion with prejudice.

### Applicable Background

Feeney pleaded guilty to possession with intent to distribute a controlled substance. *See United States v. Feeney*, No. 4:15-CR-151-O (10) (N.D. Tex.), ECF No. 685. A Presentence Report ("PSR") was prepared. *See United States v. Feeney*, No. 4:15-CR-151-O (10) (N.D. Tex.), ECF No. 355. The PSR recommended that the Court increase her base offense-level because she possessed a dangerous weapon. *See United States v. Feeney*, No. 4:15-CR-151-O (10) (N.D. Tex.), ECF No. 355 at 20 (noting that "there [was] a temporal and special relation between the firearm, the methamphetamine, and [Feeney's] drug-trafficking activity"); *see also* U.S.S.G. § 2D1.1(b)(1) ("If a dangerous weapon (including a firearm was possessed, increase by 2 levels"). The PSR also found that she had six criminal history points that resulted from three Texas convictions–three points for a conviction for possession of a controlled substance, one point for a different conviction for a

-1-

possession of a controlled substance, and two points for a conviction for unauthorized absence from a community correction facility. *See United States v. Feeney*, No. 4:15-CR-151-O (10) (N.D. Tex.), ECF No. 355 at 21-26.

The Court adopted the PSR and sentenced Feeney to 87 months in prison with a four-year term of supervised release. *See United States v. Feeney*, No. 4:15-CR-151-O (10) (N.D. Tex.), ECF No. 685. She did not appeal.

Feeney timely filed this Section 2255 motion. *See* ECF Nos. 2 & 3. She claims that she is entitled to resentencing in the wake of *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016). *See* ECF No. 2 at 4. She also claims that her counsel was ineffective for (a) failing to challenge the two-level firearm enhancement at sentencing, (b) failing to "argue [her] criminal history points," and (c) telling her that the Court "won't give you anything else if [you] appeal or argue." *See* ECF No. 2 at 5.[1] And she claims that she is entitled to a reduction in her sentence under Amendment 794 to the United States Sentencing Guidelines ("U.S.S.G."). *See* ECF No. 3.

**Discussion**

Feeney is Not Entitled to Resentencing Under *Johnson* and *Welch*

In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act," 18 U.S.C. § 924(e)(2)(B)(ii)–which clause defines a

---

[1]In her original Section 2255 motion, Feeney also claimed that her trial counsel was ineffective for failing to file a notice of appeal after she instructed him to do so. *See* ECF No. 2 at 4. Her trial counsel refuted that allegation, and the Court set the matter for an evidentiary hearing to resolve the question of whether Feeney, in fact, instructed counsel to file an appeal. *See* ECF No. 9. The Court appointed Feeney habeas counsel to aid her at the evidentiary hearing. *See id.* But, before the evidentiary hearing, Feeney withdrew that claim. *See* ECF Nos. 14 & 15.

"violent felony" as one "involv[ing] conduct that presents a serious potential risk of physical injury to another"–"violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. And, because "*Johnson* affected the reach of [the Armed Career Criminal Act,] rather than the judicial procedures by which the statute is applied," *Johnson* is "a substantive decision and so has retroactive effect" in cases on collateral review." *Welch*, 136 S. Ct. at 1265.

But Feeney was not convicted under the Armed Career Criminal Act, and she does not challenge that statute here. Moreover, to the extent that she is attempting to extend *Johnson* to challenge as vague the U.S.S.G.'s definition of "a deadly weapon," her claim is foreclosed by *Beckles v. United States*, 137 S. Ct. 889, 892 (2017). *Beckles* held that, unlike the criminal statute at issue in *Johnson*, "the Guidelines are not subject to a vagueness challenge under the Due Process Clause." 137 S. Ct. at 892; *see also United States v. Martinez*, 682 F. App'x 304, 304 (5th Cir. 2017) (*Beckles* "squarely held that the Sentencing Guidelines are not subject to vagueness challenges under the Due Process clause."). Thus there is no merit to Feeney's claim that she is entitled to resentencing under *Johnson* and *Welch*.

<u>Feeney's Ineffective Assistance of Counsel Claims Lack Merit</u>

The Sixth Amendment guarantees a criminal defendant "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Claims concerning the alleged ineffective assistance of counsel are reviewed under the two-prong test established in *Strickland*. To prevail on an ineffective assistance of counsel claim under *Strickland*, the movant must show both (1) that her attorney's performance fell below an objective standard of reasonableness, and (2) that she was prejudiced by her attorney's substandard performance. *Id.* at 687-91, 694.

To carry her burden under *Strickland*, the movant must offer more than conclusory

allegations of ineffective assistance. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000); *see also Barnard v. Collins*, 958 F.2d 634, 642 n.11 (5th Cir. 1992) ("In the absence of a specific showing of how these alleged errors and omissions were constitutionally deficient, and how they prejudiced his right to a fair trial, we [can find] no merit to these [claims.]"). To establish deficient performance, the movant must show "that counsel failed to act 'reasonab[ly] considering all the circumstances.'" *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 690) (alteration in original). And, she must establish prejudice–"that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. The Supreme Court has explained that "'[a] reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Cullen*, 563 U.S. at 189 (quoting *Strickland*, 466 U.S. at 694).

Feeney first claims that her counsel failed to "object to and/or argue [against the] 2 point enhancement for [possession of the] gun even though [Feeney] requested him to do so." Counsel initially filed an objection arguing that Feeney did not possess the gun because she was unaware that it was under her seat, but counsel withdrew that objection at sentencing. *See United States v. Feeney*, No. 4:15-CR-151-O (10) (N.D. Tex.), ECF No. 500 at 1-2.

Under U.S.S.G. § 2D1.1(b)(1), the enhancement applies if a dangerous weapon "was possessed." "The government can prove that the defendant personally possessed the weapon 'by showing a temporal and spatial relationship of the weapon, the drug activity, and the defendant." *United States v. Rodriguez-Guerrero*, 805 F.3d 192, 195 (5th Cir. 2015) (quoting *United States v. Zapata-Lara*, 615 F.3d 388, 390 (5th Cir. 2010)). Because Feeney had methamphetamine on her person, admitted that she was on her way to a drug deal when she was arrested, and the weapon was recovered from under her seat in the car, the government could show by a preponderance of the

evidence that Feeney possessed the weapon. *See id*; *see also United States v. Feeney*, No. 4:15-CR-151-O (10) (N.D. Tex.), ECF No. 550 at 1 (explaining why Feeney's objection to the enhancement lacked merit). Feeney has not argued otherwise, let alone explained how she was prejudiced when her counsel withdrew the objection. Because she has not met her burden to establish prejudice, she is not entitled to relief on that claim.

Feeney next claims that counsel was ineffective for "failure to object to and/or argue [her] criminal history points, use of state charges that were converted to federal charges as new charge." ECF No. 2 at 5. The Court has reviewed her PSR; no state charges "were converted to federal charges." Moreover, Feeney does not identify which of her state charges counsel should have challenged, identify a specific objection to her criminal history score that counsel failed to raise, or attempt to explain how she was prejudiced by that failure. Feeney's conclusory allegation of ineffective assistance finds no support in the record, and Feeney has failed to show how her counsel's failure to object was constitutionally deficient or caused prejudice. Thus she is not entitled to relief on that claim. *See Miller v. Johnson*, 200 F.3d at 282.

And Feeney's final claim–that her counsel was ineffective for telling her that the Court "won't give anything else if [she] appeal[s] or argue[s]"–is likewise conclusory and fails for the same reason. Feeney has not identified any argument or objection that she wished to pursue or that counsel should have raised. Nor has she explained how counsel's refusal to raise any such objection caused prejudice. In sum, Feeney is not entitled to relief on her ineffective assistance of counsel claims.

<u>Feeney is Not Entitled to Resentencing Under Amendment 794</u>

Feeney also claims that the Court should reduce her sentence under U.S.S.G. § 3B1.2(b), in light of Amendment 794, because she played a "minor role" in the criminal offense. Amendment

794 became effective on November 1, 2015. And the Court calculated Feeney's Guidelines sentence thereafter, on November 17, 2015. *See United States v. Feeney*, No. 4:15-CR-151-O (10) (N.D. Tex.), ECF No. 685 (entering judgment). So Amendment 794 was in effect when the Court calculated Feeney's Guidelines sentence.

To the extent that Feeney now claims that the Court erred in calculating her Guidelines sentence by not granting her a minor-role reduction under Amendment 794, that claim is not cognizable in this Section 2255 proceeding. *See United States v. Guerrero*, 691 F. App'x 179, 179 (5th Cir. 2017) (per curiam) (holding that a challenge to the district court's denial of a minor-role reduction was not cognizable under Section 2255); *accord United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (holding that claims that the district court misapplied the Sentencing Guidelines "are not cognizable in § 2255 motions."). Accordingly, Feeney is not entitled to relief here under Amendment 794.

### Evidentiary Hearing

Upon review of the motion to vacate and the files and records of this case, the Court need not hold an evidentiary hearing to resolve Feeney's claims. No evidentiary hearing is required if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). As explained above, the matters reviewed by the Court conclusively show that Feeney is entitled to no relief.

### Certificate of Appealability

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c), the Court denies a certificate of appealability. Feeney has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable

or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 48 (2000).

In the event that Feeney elects to file a notice of appeal, the Court notes that she will need to pay the appellate filing fee or submit a motion to proceed *in forma pauperis*.

**Conclusion**

This Section 2255 motion is **DENIED** with prejudice as meritless.

**SO ORDERED** this **1st day of February, 2018**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**